# DELIA ZIEBARTH AND OTHERS v. C. R. DONALDSON AND OTHERS.[1]

November 8, 1918.

No. 21,099.

**Authority of agent to sell land — purchaser's knowledge of agent's instructions.**

1. A general power of attorney to sell lands containing no restrictions as to price or terms may nevertheless be limited and restricted by oral instructions; and such instructions are binding upon the agent and any person who, with knowledge of the same, becomes a purchaser through the agent.

**Revocation of power of attorney does not affect prior contract of sale.**

2. A formal revocation of such a power of attorney by the donors thereof would not nullify or affect a contract previously entered into under the power.

**Cancelation of instrument — complaint construed.**

3. The complaint is *held* to state a cause of action for the cancelation of an executory contract to sell real estate, entered into by the vendee with knowledge that the one who executed the same, under a power of attorney from the vendors, was violating his instruction as to price and terms.

**Same — fraud of vendee.**

4. The vendee accepting such a contract knowing that the agent, who executed it under a power of attorney, violated the instructions of the vendors as to price or terms, to the latter's loss and the vendee's gain, is equally guilty with the agent of legal fraud.

Action in the district court for McLeod county to have a certain contract declared null and void. From an order, Daly, J., sustaining defendants' demurrer to the complaint, plaintiffs appealed. Reversed.

*C. J. Cahaley* and *C. P. Kleinman,* for appellants.

*M. C. Tifft,* for respondents.

[1]Reported in 169 N. W. 253.

HOLT, J.

The plaintiffs and the defendant Philip Plaisance, Jr., are the heirs of Philip Plaisance, Sr., whose estate is under administration, the defendant Donaldson being the administrator. The complaint so alleges, and also that among the several tracts of land belonging to the decedent was a farm of 320 acres in McLeod county upon which the defendant Plaisance, Jr., was a tenant; that, to facilitate the consummation of sales of the real estate mentioned, plaintiffs and the defendant Plaisance, Jr., executed a power of attorney to defendant Donaldson, individually and not as administrator, "to grant, bargain, sell, exchange, lease, transfer and convey, and make any other disposition of all of said property or of any portion thereof * * * deliver any agreement * * * deed, conveyance or other writing," etc.; that said power of attorney was executed and delivered to Donaldson "upon the distinct understanding and agreement had with plaintiffs, that in the event of a sale of any of the real estate belonging to said decedent (Plaisance, Sr.) the same was to be at a price and upon terms agreeable to plaintiffs and the other heirs and next of kin of said decedent;" that, without informing plaintiffs of the price, said Donaldson, acting under said power, by a written contract sold and agreed to convey by deed of warranty to the defendant Philip Plaisance, Jr., plaintiffs' interest, being an undivided 91/99 in the 320 acre farm above mentioned for the price of $19,119.20, $4,806.90 of which was paid in cash and the balance to be paid when the estate was probated; that said farm was then worth not less than $35,000; it is also charged that the defendants conspired to obtain the property from plaintiffs surreptitiously and for an inadequate consideration; and plaintiffs ask that the contract made by Donaldson under the said power be declared null and void and for such other relief as may be appropriate. The appeal is from the order sustaining the demurrer to the complaint.

The court below was of the opinion that plaintiffs had a complete remedy in their own hands by simply revoking the power of attorney. It is true that a revocation will deprive Donaldson of the power to execute the conveyance contemplated by the contract. But the power of attorney is of record, and the contract, executed in recordable form, purports to bind plaintiffs, their heirs, executors, administrators and assigns to convey the farm in question to defendant Plaisance, Jr., his heirs and as-

signs. On the face of the instruments an interest in the land passed to the vendee when the contract was delivered. A formal revocation of the power by the donors will not restore that interest nor in any manner affect the contract. That can only be done by the mutual agreement of the parties or by a decree of court. If, as the complaint alleges, the power of attorney was given the defendant Donaldson, with the instruction and understanding that he was not to make any sale or disposition of the real estate owned by the donors, as heirs of decedent, except at such price and on such terms as plaintiffs should approve, and Donaldson, to the knowledge of Plaisance, Jr., the vendee, disobeyed or disregarded the instruction, no reason occurs to us why plaintiffs should not be entitled to equitable relief canceling the contract. It is true that, should the vendee bring an action for specific performance of this executory contract, the vendors could make out a good defense by showing the same facts they now allege. But it may also be true that, if these plaintiffs do not have an early opportunity to establish the facts on which they rely, the evidence they now possess may fade away, and a delay, after knowledge of the existence of the contract, to attack its validity in court might be held a ratification of the agent's doings, even though contrary to known instructions. We think the complaint alleges with sufficient directness that defendant Plaisance, Jr., knew of the instructions in regard to an approval of price and terms by the donors of the power, and that in making the contract of sale these instructions were disregarded and evaded by Donaldson to the knowledge of the vendee in the contract, and hence he must be held concluded thereby, even though the power of attorney be silent on the subject. A principal may confer general and broad powers on his agent by a power of attorney, and, at the same time, impose, by oral instructions, conditions or limitations upon the exercise of such power. The agent, and every one who deals with the agent with the knowledge of these conditions or limitations, is bound thereby. 2 Corp. Jur. 569.

An agent's violation of express instructions to his principal's loss and to the gain of the other party to the transaction, the latter at the time having knowledge of the instructions, is undoubtedly a legal fraud upon the principal, and we cannot follow appellants when they say that the issues of fraud, conspiracy and bad faith are immaterial. Nor do we understand their position when stating that they present squarely the

legal proposition that the revocation of the power nullified the executory contract; for, if such be the case, the trial court was right, they need no assistance from the courts, they simply need to execute and record a revocation. But, as above shown, that does not undo the contract, nor reinvest plaintiffs with what that contract purports to have transferred. To be sure the complaint contains many unnecessary and irrelevant allegations, but with all that the essential facts for granting the relief asked are stated, towit, that in executing the contract plaintiff's agent violated his instructions and that the vendee, when he entered into the contract, knew what these instructions were, and that they were being violated to the vendors' loss and the vendee's gain.

Order reversed.